## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BRENDA COLE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:18-mc-01402-RDP** |
| | } | |
| **MIDFIRST BANK,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant's Motion to Withdraw the General Order of Reference (Doc. # 1-2), filed August 30, 2018. The Motion requests that the court withdraw the reference and relieve the Bankruptcy Court of jurisdiction over the subject adversary proceeding pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. (Doc. # 1-2). The Motion has been fully briefed (6, 9) and is ripe for review. After careful review, and for the reasons explained below, the court concludes that Defendant's Motion is due to be granted.

### I.      Background

Plaintiff Brenda Cole filed a Chapter 13 bankruptcy petition on July 12, 2017. (Doc. # 6 at 2). On September 1, 2017, Defendant MidFirst Bank filed a proof of claim in Plaintiff's Chapter 13 case for an amount of $30,422.94. (Doc. # 1-2 at 1). In April 2018, Defendant mailed the disputed "modified monthly mortgage statement" (the "Mortgage Statement") to Plaintiff.

(*Id*. at 3).[1] Plaintiff filed this adversary proceeding in the Bankruptcy Court on June 29, 2018 alleging that Defendant violated the automatic stay under 11 U.S.C. §§ 362(a)(3) and (a)(6) by mailing Plaintiff the Mortgage Statement after the commencement of her bankruptcy case. (*Id*. at 18). In its present Motion, Defendant argues the General Order of Reference should be withdrawn because resolution of Plaintiff's claim would require "material and substantial consideration of non-bankruptcy federal law," specifically the recently amended mortgage servicing regulations from the Consumer Financial Protection Bureau ("CFPB")[2] and the "mini-Miranda" language of the Fair Debt Collection Practices Act ("FDCPA").[3] (Doc. # 1-2 at 1).

---

[1] The Mortgage Statement contained the following language:

> **Bankruptcy Message**
> **Our records show that you are a debtor in bankruptcy. We are sending this statement to you for information and compliance purposes only. It is not an attempt to collect debt against you.**
>
> If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.
>
> **If you want to stop receiving statements, write to us.**

(*Id*. at 4, 22) (emphasis in original). The Mortgage Statement also warned Plaintiff as follows:

> **If the loan was in default at the time that MidFirst obtained it, we are required to advise you that this communication is from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose.**

(*Id*. at 5, 22) (emphasis in original). Defendant maintains that this language is often referred to as the "mini-Miranda," and its inclusion is "specifically required by the Fair Debt Collections Practices Act." (*Id*. at 5).

[2] *See* 12 C.F.R. §§ 1026.41(e)-(f) (effective on April 19, 2018). The CFPB explained that "the 2016 Mortgage Servicing Final Rule requires a servicer to provide a periodic statement or coupon book with certain bankruptcy-specific modifications. In these circumstances, once a consumer enters bankruptcy, a servicer must transition from providing unmodified periodic statements or coupon books to providing periodic statements or coupon books with bankruptcy modifications." *See* Bureau of Consumer Financial Protection, *Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z)*, 83 FR 10553-54 (March 12, 2018).

[3] *See* 15 U.S.C. § 1692(e)(11). The FDCPA mandates that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically, a debt collector would be in violation of the FDCPA if it failed "to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." According to Defendant, the inclusion of the "mini-Miranda" in the Mortgage Statement was an attempt to comply with this provision.

## II.    Analysis

District courts possess "original and exclusive jurisdiction of all cases under title 11" of the Bankruptcy Code.  28 U.S.C. § 1334(a).  District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they arise under, arise in, or relate to a case under Title 11.  *Id.* at § 157(a).  This court has entered such a general order of reference.  *See United States v. ILCO, Inc.*, 48 B.R. 1016, 1020 (N.D. Ala. 1985).  The court's reference which applies to this Chapter 13 case, however, is not absolute.  Title 28 U.S.C. § 157(d) provides for the withdrawal of the reference under limited circumstances, either as a mandatory or permissive matter.  The court addresses each theory in turn, and for the reasons outlined below, the court agrees that withdrawal of the reference here is appropriate.

### A.  Mandatory Withdrawal

Defendant argues that the court is required to withdraw the reference in this proceeding because resolution of the issues raised in Plaintiff's Complaint expressly involves substantial and material consideration of federal non-Bankruptcy Code law.  The court agrees.

Mandatory withdrawal by a district court is required "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  Some courts, citing the statute's plain language, have held that withdrawal is required if any consideration of a non-Title 11 federal law is necessary to resolve a dispute.  *See, e.g.*, *In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). However, district courts within the Eleventh Circuit have found that "withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law."  *See, e.g.*, *Birgans v. Magnolia Auto Sales*, 2012 WL 6000339, *2 (N.D. Ala. Nov. 30, 2012) (citation

omitted); *In re Price*, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007); *Abrahams v. Phil-Con Servs., LLC*, 2010 WL 4875581, *2 (S.D. Ala. Nov. 23, 2010). Under this approach, in order for withdrawal to be warranted, "the issues in question [must] require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; significant interpretation of the non-Code statute must be required." *Abrahams*, 2010 WL 4875581, at *2 (citation omitted). Consistent with other courts in this circuit, the court will follow this latter approach in addressing each of Defendant's arguments.

The newly amended CFPB regulations and the FDCPA are undisputedly non-Code federal laws affecting interstate commerce. 15 U.S.C. § 1692a(6). Therefore, whether withdrawal is required turns on whether substantial and material consideration of these laws is necessary to resolve the dispute.

In her Complaint, Plaintiff expressly seeks relief from the court that would determine that the Mortgage Statement Defendant sent to Plaintiff was "**not** required, mandated, nor authorized under the newly enacted [CFPB] regulations."[4] (Doc. # 1-2 at 18) (emphasis in original). Despite her contention that "the resolution of MidFirst's [defense] is not as complicated as it may appear" (Doc. # 6 at 5), Plaintiff "candidly acknowledges that the CFPB regulations have only recently been enacted, and certainly the issue raised by MidFirst is one of first impression. Moreover, Plaintiff further acknowledges that the resolution of MidFirst's [defense] certainly requires the material consideration of non-bankruptcy law." (*Id*. at 4-5). In light of these admissions, "the court has no trouble concluding that this issue extends beyond the application of well-settled, non-bankruptcy law." *McGregor v. Asset Acceptance, LLC*, 2015 WL 3751986, at

_____

[4] In her Complaint, Plaintiff also quotes the "official interpretation" of the amended regulations and portions of the CFPB website to support her argument that the language contained in Defendant's Mortgage Statement was not actually required by the amended regulations. (Doc. # 1-2 at 18-19).

*1 (N.D. Ala. July 16, 2015); *see also Holmes v. Grubman,* 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004) (noting that withdrawal is mandatory especially where there are "matters of first impression or where there is a conflict between bankruptcy and other laws")).[5]

The court is persuaded that in order to resolve Plaintiff's claim, a Bankruptcy Court would have to "(1) review and analyze a brand new non-bankruptcy mortgage servicing regulation to determine its ambit and operation, (2) determine whether MidFirst's Mortgage Statement complies with the new regulation, (3) determine whether compliance with the new regulation provides a defense to MidFirst as to the automatic stay, and (4) if such a defense does not exist, [decide if] compliance with the regulation is a factor in determining whether the automatic stay was violated." (Doc. # 1-2 at 12). Furthermore, because Plaintiff asserts that her injury derives at least in part from the "mini-Miranda language" in the Mortgage Statement, a Bankruptcy Court would also have to "interpret the FDCPA and apply it to the unique factual circumstances presented by the CFPB-required statement" in order to determine whether the automatic stay was violated. (*Id.* at 13).

Although it would be improper for the court to weigh in on the merits of the dispute at this juncture of the proceedings, the court recognizes that the undeniable influence of the CFPB and the FDCPA over Plaintiff's claims means that resolution will necessarily involve a substantial and material consideration of non-Code federal laws. Consequently, the court must withdraw the reference.

---

[5] Indeed, the court's own research suggests that no court, much less the Eleventh Circuit, has spoken directly to the interplay between the newly amended CFPB regulations and a debtor's automatic stay. However, this court has previously considered a case where MidFirst sought to have the reference withdrawn to allow a district court to resolve this same issue. *See James and Beverly Love v. MidFirst Bank*, 2018 WL 4006883 (N.D. Ala. Aug. 22, 2018). Unlike Plaintiff here, the plaintiffs in *Love* had not asserted any claim in their pleadings that was specifically based on the newly amended CFPB regulations. *Id.* at 3. Due to that omission, the court denied MidFirst's motion to withdraw the reference reasoning that the issue was not ripe for the Loves. *Id.* Here, Plaintiff's claims as pleaded in her Complaint rely exclusively on this court's interpretation of the mortgage servicing regulations.

### B. Permissive Withdrawal

Even if withdrawal of the reference were not *required* (and, to be clear, it is), the court concludes it should exercise its discretion to permissively withdraw Plaintiff's claim. Section 157(d) permits the district court to withdraw, "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "The decision whether to withdraw the reference is committed to the district court's discretion." *Abrahams*, 2010 WL 4875581, at *3 (citing *In re Tate*, Case No. 09-cv-0039, 2010 WL 320488 at *8 (S.D. Ala. Jan. 18, 2010)). In determining whether a reference should be withdrawn, the Eleventh Circuit directs courts to "consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quoting *In re Parklane/Atl. Joint Venture*, 927 F.2d 532, 536 n.5 (11th Cir. 1991); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)). "Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Price*, 2007 WL 2332536, at *2; *BankUnited Fin. Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010).

Defendant has demonstrated sufficient reason to warrant permissive withdrawal of the reference of Plaintiff's claim. The strongest factor militating in favor of withdrawal is ensuring uniformity in bankruptcy administration. Because the CFPB regulation went into effect as recently as April 2018, this issue will likely have significant ramifications. As Defendant has recognized, a district court ruling on the relationship between the amended regulation and an automatic stay will conserve judicial resources, reduce confusion, and guide the actions of

"mortgage servicers, banks, practitioners, and bankruptcy courts" throughout the district. (Doc. # 1-2 at 15). Moreover, contrary to Plaintiff's assertion, her claim is almost certainly non-core because (as discussed earlier) it involves more than the standard core question of whether the automatic stay was violated. In determining whether the stay was violated, the Bankruptcy Court would have to consider almost exclusively non-core federal laws. The court finds that no single factor applied here is dispositive; however, taken together, all the factors weigh in favor of the court permitting withdrawal. Therefore, having determined that Defendant has presented sufficient cause, the court concludes that it should exercise its discretion and withdraw Plaintiff's claim.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Withdraw the General Order of Reference (Doc. # 1-2) is due to be granted. A separate Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 10, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE